Mr Chief Justice Marshall
 

 delivered the opinion of the Court.-
 

 This case is in many respects similar to that which has been decided at this term, between the same parties,
 

 (a)
 

 The appellee
 
 *169
 
 filed his petition before the district court of East Florida,, asserting a title to twenty-six thousand acres of land, granted by Don Jose Coppinger, governor of that territory, while under the dominion of his catholic majesty.
 

 The petition presented by Clarke to the Spanish governor, asks, in consideration of services and as a remuneration for losses sustained, all which he states, twenty-six thousand acres' pf land in the following places: twenty-two thereof, in the Hammocks of Cuseoville and Chachaia; and the four remaining, at a vacant place called Yallahassa, on the west of the river St John.
 

 On the 17th of December 1817, the governor passed a decree granting in absoliite property to the said Don George Clarke the twenty-six thousand acres of land in the places he solicits in his petition ; and a complete title was made in December 1817, to twenty-two thousand lying-in the Hammocks, known by the names of Cuseoville and Chachaia. The petition filed in the district, court states, that twenty thousand acres, part of this tract, have been surveyed at the place designated, and sold to John De Centralgo.
 

 The other four thousand acres were surveyed in conformity with the decree, and a complete title made by governor Cop-pinger on the 4th of May 1818. •
 

 The court decreed the claim to be valid; and reciting that •twenty thousand acres, part of the twenty-two thousand, had been on the samé day confirmed to Moses E..Levy, on his petition for the same; proceeded to decree the remaining four thousand acres to the petitioner.
 

 The United States appealed from this decree.
 

 The only question not already decided, Which .is made in this ■ case, arises from the fact, that the full title for the four thousand acres of land in controversy, was made after the 24th of January 1818. The petitioner therefore cannot avail himself of that grant, and must rest his claim on the concession made the 17th of December 1817. That concession is unconditional; but the counsel for the United States contends that it can. give no valid title. The argument is- understood to have been applied to concessions made absolutely, as well as to those* made on condition ; and the court will therefore consider it as appli
 
 *170
 
 cable to both. A concession on condition, becomes absolute when the condition is performed.
 

 The validity of concessions is, we think, expressly recognized both in the treaty, and in the several acts of congress.
 

 The eighth article allows the owners of lands, the same time for fulfilling- the condition's of their grants, from the date of the . treaty, as is allowed in the grant from the date of the instrument ; and the act of the 8th of May 1822, requires every person claiming title to lands,under any patent, grant, concession, or order of survey, dated previous to the 24th day of January ■1818, to file his claim before the commissioners appointed in pursuance of that act. All the subsequent acts on the subject observe the same language ; and the titles held under these concessions have been uniformly .confirmed, where the -tract did not exceed a league square. The question is not now open for discussion. The decree is confirmed.
 

 This cause came on to be heard on the transcript of the record from the superior court for the eastern district of Florida, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said superior court in this cause confirming the title of the claimant be, and the same is hereby affirmed in all respects.
 

 (a)
 

 This case was decided at January term 1834, but the opinion was not received by the Reporter until after the publication of the Reports of the term. ’